IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | |
|---|---|
| **CHRISTOPHER BERNARD CAMPBELL,** : | |
| : | |
| Plaintiff, : | |
| VS. : | CASE NO. 4:24-CV-00073-CDL-MSH |
| : | |
| **LOVE,** : | |
| : | |
| Defendant. : | |
| _____ : | |

## ORDER AND RECOMMENDATION

Presently pending before the Court are a Complaint (ECF No. 1) and Amended Complaint (ECF No. 4) filed by *pro se* Plaintiff Christopher Bernard Campbell, an inmate confined in the Muscogee County Jail in Columbus, Georgia. Plaintiff has also filed two motions for leave to proceed *in forma pauperis* (ECF Nos. 2, 5). For the following reasons, Plaintiff's motions to proceed *in forma pauperis* are **GRANTED**, and Plaintiff's excessive force claims against Defendant Love shall proceed for further factual development. It is **RECOMMENDED**, however, that Plaintiff's remaining claims be **DISMISSED without prejudice**.

### MOTIONS TO PROCEED IN FORMA PAUPERIS

Plaintiff seeks leave to proceed without prepayment of the filing fee or security therefor pursuant to 28 U.S.C. § 1915(a). Plaintiff's submissions demonstrate that he is presently unable to pay the cost of commencing this action. His applications to proceed *in forma pauperis* (ECF Nos. 2, 5) are therefore **GRANTED**.

However, even if a prisoner is allowed to proceed *in forma pauperis*, he must nevertheless pay the full amount of the $350.00 filing fee. 28 U.S.C. § 1915(b)(1). If the prisoner has sufficient assets, he must pay the filing fee in a lump sum. If sufficient assets are not in the account, the court must assess an initial partial filing fee based on the assets available. Despite this requirement, a prisoner may not be prohibited from bringing a civil action because he has no assets and no means by which to pay the initial partial filing fee. 28 U.S.C. § 1915(b)(4). In the event the prisoner has no assets, payment of the partial filing fee prior to filing will be waived.

Plaintiff's submissions indicate that he is unable to pay the initial partial filing fee. Accordingly, it is hereby **ORDERED** that his complaint be filed and that he be allowed to proceed without paying an initial partial filing fee.

## I.     Directions to Plaintiff's Custodian

Hereafter, Plaintiff will be required to make monthly payments of 20% of the deposits made to his prisoner account during the preceding month toward the full filing fee. The clerk of court is **DIRECTED** to send a copy of this Order to Plaintiff's current place of incarceration. It is **ORDERED** that the warden of the institution wherein Plaintiff is incarcerated, or the sheriff of any county wherein he is held in custody, and any successor custodians, shall each month cause to be remitted to the Clerk of this Court twenty percent (20%) of the preceding month's income credited to Plaintiff's account at said institution until the $350.00 filing fee has been paid in full. 28 U.S.C. § 1915(b)(2). In accordance with provisions of the Prison Litigation Reform Act ("PLRA"), Plaintiff's custodian is hereby authorized to forward payments from the prisoner's account to the Clerk of Court

each month until the filing fee is paid in full, provided the amount in the account exceeds $10.00. It is **ORDERED** that collection of monthly payments from Plaintiff's trust fund account shall continue until the entire $350.00 has been collected, notwithstanding the dismissal of Plaintiff's lawsuit or the granting of judgment against him prior to the collection of the full filing fee.

## II.     Plaintiff's Obligations Upon Release

An individual's release from prison does not excuse his prior noncompliance with the provisions of the PLRA. Thus, in the event Plaintiff is hereafter released from the custody of the State of Georgia or any county thereof, he shall remain obligated to pay those installments justified by the income to his prisoner trust account while he was still incarcerated. The Court hereby authorizes collection from Plaintiff of any balance due on these payments by any means permitted by law in the event Plaintiff is released from custody and fails to remit such payments. Plaintiff's Complaint may be dismissed if he is able to make payments but fails to do so or if he otherwise fails to comply with the provisions of the PLRA.

## PRELIMINARY SCREENING

### I.     Standard of Review

In accordance with the PLRA, the district courts are obligated to conduct a preliminary screening of every complaint filed by a prisoner who seeks redress from a government entity, official, or employee. *See* 28 U.S.C. § 1915A(a). Screening is also required under 28 U.S.C. § 1915(e) when the plaintiff is proceeding IFP. Both statutes apply in this case, and the standard of review is the same. When conducting preliminary

3

screening, the Court must accept all factual allegations in the complaint as true. *Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006) *abrogated in part on other grounds by Wilkins v. Gaddy*, 559 U.S. 34 (2010); *Hughes v. Lott*, 350 F.3d 1157, 1159-60 (11th Cir. 2003). *Pro se* pleadings, like the one in this case, are "held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Id.* (internal quotation marks omitted). Still, the Court must dismiss a prisoner complaint if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A(b).

A claim is frivolous if it "lacks an arguable basis either in law or in fact." *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008) (internal quotation marks omitted). The Court may dismiss claims that are based on "indisputably meritless legal" theories and "claims whose factual contentions are clearly baseless." *Id.* (internal quotation marks omitted). A complaint fails to state a claim if it does not include "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The factual allegations in a complaint "must be enough to raise a right to relief above the speculative level" and cannot "merely create[] a suspicion [of] a legally cognizable right of action." *Twombly*, 550 U.S. at 555 (first alteration in original). In other words, the complaint must allege enough facts "to raise a reasonable expectation that discovery will reveal evidence" supporting a claim. *Id.* at 556. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

To state a claim for relief under § 1983, a plaintiff must allege that (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. *Hale v. Tallapoosa Cnty.*, 50 F.3d 1579, 1582 (11th Cir. 1995). If a litigant cannot satisfy these requirements or fails to provide factual allegations in support of his claim or claims, the complaint is subject to dismissal. *See Chappell v. Rich*, 340 F.3d 1279, 1282-84 (11th Cir. 2003).

## II. Factual Allegations and Plaintiff's Claims

Plaintiff's claims arise from an incident that occurred in the Muscogee County Jail. Am. Compl. 4, ECF No. 4.[1]  Plaintiff states that on May 24, 2024, he was "attacked" by Defendant Love, a correctional officer at the jail. *Id.* Plaintiff contends he is still "suffering from the injuries" to his head and back that resulted from this incident. *Id.* Plaintiff contends Defendant Love's action violated his constitutional rights, and as a result he seeks "a class action lawsuit against Muscogee County Jail and officer Love," his "freedom," and monetary damages. Am. Compl. 5, ECF No. 4.

### A. Excessive Force Claims against Defendant Moore

Plaintiff's allegations that Defendant Love used excessive force against him as a pretrial detainee could give rise to Fourteenth Amendment claims. *Piazza v. Jefferson Cnty., Ala.*, 923 F.3d 947, 951-52 (11th Cir. 2019). The Supreme Court has clarified that

---

[1] The Amended Complaint is the operative pleading in this action. *See Schreane v. Middlebrooks*, 522 F. App'x 845, 847 (11th Cir. 2013) (per curiam) (noting that generally, an amended complaint supersedes the original complaint unless the amended complaint specifically refers to or adopts the original complaint).

5

"a pretrial detainee raising a Fourteenth Amendment claim needn't prove an officer's subjective intent to harm but instead need only show that 'the force purposely or knowingly used against him was objectively unreasonable.'" *Id.* at 952 (quoting *Kingsley v. Hendrickson*, 576 U.S. 389, 396-97 (2015)). "The objective-reasonableness determination must be made 'from the perspective of a reasonable officer on the scene.'" *Id.* To determine whether the amount of force used was objectively reasonable, the Court must consider "the facts and circumstances of each particular case," including "the relationship between the need for use of force and the amount of force used; the extent of the plaintiff's injury; any effort made by the officer to temper or limit the amount of force; the severity of the security problem at issue; the threat reasonably perceived by the officer; and whether the plaintiff was actively resisting." *Kingsley*, 576 U.S. at 397 (internal quotation marks and citation omitted).

In this case, Plaintiff alleges that Defendant Love "attacked" him while Plaintiff was "exercising [his] freedom of speech." Am. Compl. 4, ECF No. 4. Plaintiff's allegations imply that Defendant Love's use of force was not warranted, given that Plaintiff "didn't cause any (harm) towards the officer who injured him." *Id.* Plaintiff also states he was still suffering from injuries several weeks after the attack. *Id.* Though these allegations are sparse, they are sufficient to suggest that Defendant Love's use of force may not have been objectively reasonable. Plaintiff's Fourteenth Amendment excessive force claims against Defendant Love shall therefore proceed for further factual development.[2]

---

[2] The Court notes, however, that Plaintiff cannot obtain a dismissal of pending charges or speedier release through a § 1983 action. *See Preiser v. Rodriguez*, 411 U.S. 475, 487, 489 (1973).

B.     Remaining Claims

The Amended Complaint also contains several other allegations that could give rise to potential constitutional claims. Plaintiff first states that he "believe[s]" that "the person who's responsible for sending" his mail "is letting officers read [his] mail." Am. Compl. 4, ECF No. 4. Under certain circumstances, a prison official's interference with an inmate's mail can give rise to constitutional claims. *Mitchell v. Peoples*, 10 F.4th 1226, 1228 (11th Cir. 2021) (holding that prison officials are generally forbidden from opening an inmate's properly marked legal mail outside of the inmate's presence). But Plaintiff has not identified the individual who was responsible for prison mail, named this individual as a Defendant in this action, or explained how exactly this individual violated Plaintiff's constitutional rights with respect to the mail. Similarly, Plaintiff alleges that two nurses who are not named as Defendants in this action have been "crushing up [his] medicine," and he is therefore "scared of medical." Am. Compl. 4, ECF No. 4. A prisoner who demonstrates that a prison official was deliberately indifferent to his serious medical needs can state a constitutional claim. *See Farrow v. West*, 320 F.3d 1235, 1243 (11th Cir. 2003).[3] But in this case, Plaintiff has not named the two nurses as Defendants, identified what serious medical needs he might have, or explained why crushing his medicine

---

"[H]abeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release[.]" *Heck v. Humphrey*, 512 U.S. 477, 481 (1994). Thus, to the extent Plaintiff seeks his release from prison as a remedy for the constitutional violations he alleges, such relief is not available in a Section 1983 case.

[3] The standard for deliberate indifference in the context of a medical claim is the same whether the inmate is a pretrial detainee or convicted prisoner. *Dang v. Sheriff*, 871 F.3d 1272, 1279 n.2 (11th Cir. 2017) (noting that *Kingsley* did not abrogate or conflict with prior precedent identifying the standard to use in inadequate medical treatment claims).

amounts to deliberate indifference to those needs.  Plaintiff also listed an individual named "Corporal Joseph" as a Defendant in this action, but he does not name this Defendant in the caption or describe how this Defendant violated his constitutional rights in the body of his Amended Complaint.

These allegations are not sufficient to give rise to actionable claims.  Plaintiff has failed to allege facts sufficient to associate named Defendants with each of the allegations regarding his mail and his medication, and he has failed to associate "Corporal Joseph" with any violation of his constitutional rights whatsoever.  Dismissal of these claims is therefore appropriate.  *Douglas v. Yates*, 535 F.3d 1316, 1321-22 (11th Cir. 2008) (dismissal of defendants appropriate where plaintiff failed to allege facts associating defendants with a particular constitutional violation).

In addition, Plaintiff mentions that he wants to bring a class action suit against the Muscogee County Jail.  This claim fails for two reasons.  First, a county jail is not a legal entity subject to suit or liability under § 1983.  *See Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992); *Brannon v. Thomas Cnty. Jail*, 280 F. App'x 930, 934 n.1 (11th Cir. 2008); *Bunyon v. Burke Cnty.*, 285 F. Supp. 2d 1310, 1328 (S.D. Ga. 2003).  Second, a *pro se* Plaintiff may not represent the interests of other prisoners in a class action lawsuit.  *See e.g., Wallace v. Smith*, 145 F. App'x 300, 302 (11th Cir. 2005) (per curiam) (citing *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975) (finding it "plain error to permit [an] imprisoned litigant who is unassisted by counsel to represent his fellow inmates in a class action")).  Plaintiff's "class action" claim is therefore subject to dismissal.

### III.    Conclusion

For the foregoing reasons, Plaintiff's motions to proceed *in forma pauperis* (ECF Nos. 2, 5) are **GRANTED,** and Plaintiff's excessive force claims against Defendant Love shall proceed for further factual development. It is **RECOMMENDED**, however, that Plaintiff's remaining claims be **DISMISSED without prejudice.**

### OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to these recommendations with the Honorable Clay D. Land, United States District Judge, **WITHIN FOURTEEN (14) DAYS** after being served with a copy of this Recommendation. Any objection is limited in length to **TWENTY (20) PAGES**. *See* M.D. Ga. L.R. 7.4. The parties may seek an extension of time in which to file written objections, provided a request for an extension is filed prior to the deadline for filing written objections. Failure to object in accordance with the provisions of § 636(b)(1) waives the right to challenge on appeal the district judge's order based on factual and legal conclusions to which no objection was timely made. *See* 11th Cir. R. 3-1.

### ORDER FOR SERVICE

Having found that Plaintiff has made colorable constitutional violation claims against Defendant Love, it is accordingly **ORDERED** that service be made on that Defendant and that they file an Answer, or such other response as may be appropriate under Rule 12, 28 U.S.C. § 1915, and the Prison Litigation Reform Act. Defendant is reminded of the duty to avoid unnecessary service expenses, and of the possible imposition of expenses for failure to waive service pursuant to Rule 4(d).

## DUTY TO ADVISE OF ADDRESS CHANGE

During the pendency of this action, all parties shall keep the Clerk of this Court and all opposing attorneys and/or parties advised of their current address. Failure to promptly advise the Clerk of a change of address may result in the dismissal of a party's pleadings.

## DUTY TO PROSECUTE ACTION

Plaintiff is also advised that he must diligently prosecute his Complaint or face the possibility that it will be dismissed under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute. Defendant is similarly advised that he or she is expected to diligently defend all allegations made against them and to file timely dispositive motions as hereinafter directed. This matter will be set down for trial when the Court determines that discovery has been completed and that all motions have been disposed of or the time for filing dispositive motions has passed.

## FILING AND SERVICE OF MOTIONS, PLEADINGS, AND CORRESPONDENCE

It is the responsibility of each party to file original motions, pleadings, and correspondence with the Clerk of Court. A party need not serve the opposing party by mail if the opposing party is represented by counsel. In such cases, any motions, pleadings, or correspondence shall be served electronically at the time of filing with the Court. If any party is not represented by counsel, however, it is the responsibility of each opposing party to serve copies of all motions, pleadings, and correspondence upon the unrepresented party and to attach to said original motions, pleadings, and correspondence filed with the Clerk of Court a certificate of service indicating who has been served and where (i.e., at what

address), when service was made, and how service was accomplished.

## DISCOVERY

Plaintiff shall not commence discovery until an answer or dispositive motion has been filed on behalf of the Defendant from whom discovery is sought by the Plaintiff. The Defendant shall not commence discovery until such time as an answer or dispositive motion has been filed. Once an answer or dispositive motion has been filed, the parties are authorized to seek discovery from one another as provided in the Federal Rules of Civil Procedure. The deposition of the Plaintiff, a state/county prisoner, may be taken at any time during the time period hereinafter set out provided prior arrangements are made with his custodian. **Plaintiff is hereby advised that failure to submit to a deposition may result in the dismissal of his lawsuit under Rule 37 of the Federal Rules of Civil Procedure.**

IT IS HEREBY ORDERED that discovery (including depositions and the service of written discovery requests) shall be completed within 90 days of the date of filing of an answer or dispositive motion by the Defendant (whichever comes first) unless an extension is otherwise granted by the court upon a showing of good cause therefor or a protective order is sought by the defendant and granted by the court. This 90-day period shall run separately as to Plaintiff and Defendant beginning on the date of filing of Defendant's answer or dispositive motion (whichever comes first). The scheduling of a trial may be advanced upon notification from the parties that no further discovery is contemplated or that discovery has been completed prior to the deadline.

Discovery materials shall not be filed with the Clerk of Court. No party shall be required to respond to any discovery not directed to him/her or served upon him/her by the opposing counsel/party. The undersigned incorporates herein those parts of the **Local Rules** imposing the following limitations on discovery: except with written permission of the court first obtained, **interrogatories** may not exceed TWENTY-FIVE (25) to each party, **requests for production of documents and things** under Rule 34 of the Federal Rules of Civil Procedure may not exceed TEN (10) requests to each party, and **requests for admissions** under Rule 36 of the Federal Rules of Civil Procedure may not exceed FIFTEEN (15) requests to each party. No party shall be required to respond to any such requests which exceed these limitations.

## REQUESTS FOR DISMISSAL AND/OR JUDGMENT

The Court shall not consider requests for dismissal of or judgment in this action, absent the filing of a motion therefor accompanied by a brief/memorandum of law citing supporting authorities. Dispositive motions should be filed at the earliest time possible, but in any event no later than one hundred - twenty (120) days from when the discovery period begins unless otherwise directed by the Court.

**SO ORDERED AND RECOMMENDED** this 21st day of June, 2024.

/s/ Stephen Hyles
UNITED STATES MAGISTRATE JUDGE