IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | |
|---|---|
| CHRISTOPHER BERNARD CAMPBELL, | : <br> : <br> : |
| Plaintiff, | : <br> : |
| v. | :    Case No. 4:24-cv-73-CDL-AGH <br> : |
| Deputy PRESTON BRADLEY-LOVING,[1] | : <br> : <br> : |
| Defendant. | : <br> : |

### ORDER

Pending before the Court is Defendant Deputy Preston Bradley-Loving's motion to set aside default (ECF No. 18). For the reasons which follow, Defendant's motion is granted.

### DISCUSSION

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). A defendant "who fails to answer within the time specified by the rules is in default even if that fact is not officially noted." *Perez v. Wells Fargo N.A.*, 774 F.3d 1329, 1337 (11th Cir. 2014). As a result, a motion made under Rule 55(c) seeking to set aside default is appropriate even if there is no formal entry of default. *Id.* A court may set aside an entry of

---

[1] Defendant Deputy Preston Bradley-Loving's name and position is incorrect on the docket of this case. *See* Def.'s Br. in Supp. of Mot. to Set Aside Default 1 n.1, ECF No. 18-1. The Clerk is **DIRECTED** to update the docket accordingly.

default for "good cause[.]" Fed. R. Civ. P. 55(c). "Good cause" is a

> mutable standard, varying from situation to situation, but factors for courts to consider include the following: (1) whether the default was culpable or willful; (2) whether setting the default aside would prejudice the adversary; (3) whether the defaulting party presents a meritorious defense; and (4) whether the defaulting party acted promptly to correct the default. Courts should not find that good cause exists if the defaulting party demonstrates an intentional or willful disregard of the judicial proceedings. In light of the Eleventh Circuit's strong policy of determining cases on their merits, however, default judgments are generally disfavored.

*Bibb Cnty. Sch. Dist. v. Dallemand*, No. 5:16-CV-549 (MTT), 2019 WL 2492281, at *2 (M.D. Ga. June 13, 2019) (internal quotation marks and citations omitted).

The United States Marshals Service personally served Defendant on August 27, 2024 (ECF No. 15). Defendant was required to file an answer or other responsive pleading within twenty-one days, which fell on September 17, 2024. Fed. R. Civ. P. 12(a)(1)(A)(i). Defendant failed to timely respond and is in default.

According to defense counsel, Defendant "had never been served legal papers before, and was therefore unfamiliar with the court process, in conjunction with the fact that his name and professional title were incorrectly referenced on the paper," so Defendant "did not appreciate that he had an obligation to respond to the complaint served." Def.'s Br. in Supp. of Mot. to Set Aside Default ("Def.'s Br.") 2-3, ECF No. 18-1; Def.'s Mot. to Set Aside Default Ex. 2 ("Def.'s Ex. 2"), at 2-3, ECF No. 18-2.[2] At

---

[2] Counsel for Defendant submits Attachment 2, a "declaration" made by Defendant pursuant to 28 U.S.C. § 1746, in support of Defendant's motion to set aside default. Def.'s Mot. to Set Aside Default Ex. 2, at 1 ("COMES NOW, the undersigned affiant and, in accordance with 28 U.S.C. § 1746, hereby declares as follows:"). However, the "declaration" does not comply with the requirements of § 1746, which requires an unsworn declaration to include the statement "I declare . . . under penalty of perjury that the foregoing is true and correct." 28 U.S.C. § 1746. Although the Court finds that Defendant's "declaration" does not meet the requirements to be an unsworn declaration under penalty of perjury,

the time Defendant was personally served, he was attending Police Academy Training. Def.'s Br. 2; Def.'s Ex. 2, at 2.

The Court finds Defendant has shown good cause for setting aside the entry of default. Defendant's averment demonstrates that his failure to timely answer was not willful in light of the misnaming and Defendant's inexperience with service of process, although it is not clear to the Court when defense counsel was notified of the default against Defendant, given that the Court issued its order for the entry of default on October 4, 2024, and Defendant did not file a motion to set aside the default until November 22, 2024.[3] Def.'s Br. 3. There also does not appear to be any prejudice that would result from setting aside the default against Defendant.[4] Finally, Defendant presents potentially colorable defenses including qualified immunity and Plaintiff's failure to exhaust his administrative remedies. Def.'s Br. 5-10. Thus, the Court grants Defendant's motion to set aside default.

## CONCLUSION

For the reasons stated above, Defendant's motion to set aside default (ECF No. 18) is **GRANTED**. Defendant is **ORDERED** to file an answer or other responsive pleading **WITHIN FOURTEEN (14) DAYS** of the date of this Order.

---

the Court nevertheless considers Defendant's unsworn statement in construing his motion to set aside default.

[3] Underscoring the confusion surrounding Defendant's correct name and professional affiliation, the service copy of the Order for the entry of default sent to Defendant was returned because a "CO Love" was not at 3001 Macon Road. Mail Returned, ECF No. 17 (returned service copy of Order, Oct. 4, 2024, ECF No. 16).

[4] Although the Court advised Plaintiff to move for entry of default judgment, Plaintiff failed to respond to that notice and the motion to set aside default. *See* Order, Oct. 4, 2024, ECF No. 16.

3

**SO ORDERED**, this 7th day of February, 2025.

                        _s/ *Amelia G. Helmick*_
                        UNITED STATES MAGISTRATE JUDGE

4